UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CR 15-0177-DSF | Date | 05/25/16 |
| Title | United States v. Bartolome Flores-Cervantes | | |

**Present:** The Honorable DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Defendant Flores-Cervantes' Motion to Dismiss the Indictment Pursuant to 8 U.S.C. § 1326(d) (Dkt. 35)

Defendant Bartolome Flores-Cervantes moves to dismiss his indictment for illegal reentry, asserting that the underlying removal proceedings were fundamentally unfair.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Defendant's State Conviction

Defendant grew up in Oaxaca, Mexico. (Dkt. 35-1, Declaration of Bartolome Flores-Cervantes (Flores-Cervantes Decl.) ¶ 2.) In 2002 and 2003, his primary language was Mixteco Bajo. (*Id.*) His ability to speak Spanish was very limited, and he did not understand English. (*Id.* at 3.)

On or about May 1, 2000, Defendant entered the United States at an unknown location at or near Calexico, California. (Dkt. 35-10, Defendant's Ex. G.)

On November 18, 2002, Defendant was charged with two counts of committing a lewd act upon a child in violation of California Penal Code § 288(a). (Dkt. 35-4,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Defendant's Ex. A.)  The charges stemmed from Defendant's relationship with a minor female Mexican immigrant.  (Dkt. 35-7, Defendant's Ex. D.)  The relationship spanned approximately 2000 to 2002, when the minor was 12-14 years old, and Defendant was 20-22 years old.  (*Id.*)  The relationship became sexual in nature, ultimately producing a child.  (*Id.*)

On November 18, 2002, Defendant appeared for arraignment.  (Dkt. 35-5, Defendant's Ex. B.)  No plea was entered, and the hearing was continued to November 25.  (*Id.*)  Although a Spanish interpreter was present at the arraignment, the court minutes state: "Mixteco-Bajo interpreter needed."  (*Id.*)

On November 25, 2002, Defendant again appeared for arraignment.  (*Id.*)  The court minutes indicate that both a Spanish interpreter and "Mixteco" interpreter were provided.  (*Id.*)  Defendant entered a plea of not guilty.  (*Id.*)

According to a Preplea Report, on January 16, 2003, Defendant was interviewed at the Santa Maria Probation Office with the assistance of both a Spanish interpreter and Mixteco Bajo interpreter.  (Dkt. 35-7.)  The Preplea Report contains the following statement:

> The defendant would like to ask the Court if [the Mixteco Bajo interpreter] could be his interpreter at his next Court hearing. He stated his last interpreter did not do a very good job the last time he was in Court.  He reports after being interviewed at the Probation Department he has a better understanding as to the events that are occurring in Court.

(*Id.*)

But Defendant was never again provided with a Mixteco Bajo interpreter.  (Dkt. 35-5.)

On February 3, 2003, Defendant signed a "Waiver of Constitutional Rights and Plea Form" in which he agreed to plead no contest to one count of a violation of Penal Code § 288(a) in exchange for five years of probation and 180 days in custody.  (Dkt. 35-8, Defendant's Ex. E.)  The form is in English.  (*Id.*)  On the last page of the form, there is an "Interpreter's Statement," which states the interpreter is "a Certified Court Interpreter in the Spanish language."  (*Id.*)  Defendant recalls signing the form and recalls it being read to him in Spanish.  (Flores-Cervantes Decl. at ¶ 6.)  The document was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

never read or explained to Defendant in Mixteco Bajo. (*Id.*) Defendant now claims he did not understand its contents. (*Id.*)

That same day, Defendant appeared in court and entered a no contest plea. (*Id.* at ¶ 7.) Defendant was sentenced to five years of probation and 180 days in county jail. (Dkt. 35-9, Defendant's Ex. F.) The court minutes indicate that a Spanish language interpreter was present. (Dkt. 35-5.) Defendant claims he did not understand what was happening in court. (Flores-Cervantes Decl. at ¶ 7.) Defendant did not understand that his conviction under Penal Code § 288(a) is considered an aggravated felony and that it would be a serious crime for him to return to the United States. (*Id.*) Defendant claims had he been aware of the serious immigration consequences of his conviction, he would not have agreed to plead no contest. (*Id.* at 10.)

### B. Defendant's May 2003 Removal Proceedings

On May 22, 2003, Defendant was served with a "Notice of Intent to Issue a Final Administrative Removal Order" (Notice of Intent). (Dkt. 35-10.) The Notice of Intent is written in English. (*Id.*) The first page charges Defendant with being deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) and identifies the allegations supporting the charge. (*Id.*) On the second page, there is a preprinted admission/waiver that states:

> I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges and my right to file a petition for review of the Final Removal Order. I do not wish to request withholding or deferral of removal. I wish to be removed to *Mexico*.

(*Id.*)

The second page of the Notice of Intent indicates that it was "explained and/or served" on Defendant in the Spanish language. (*Id.*) Defendant admits signing the Notice of Intent, but claims he did not understand what the papers said or what they meant. (Flores-Cervantes Decl. at ¶ 11.) Defendant claims that the "immigration authorities never used the Mixteco Bajo language." (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

The same day Defendant was served with the Notice of Intent, a "Final Administrative Removal Order" was issued finding Defendant "deportable as charged" and ordering that Defendant be removed to Mexico. (Dkt. 35-10.)

### C. Defendant's Subsequent Removals

Subsequent to his May 2003 administrative removal, Defendant was removed from the United States on three other occasions. (Dkt. 35-11, 35-12, and 35-13.) On each occasion, Defendant's removal was based on the May 2003 removal order. (*Id.*)

## II. LEGAL STANDARD

"For a defendant to be convicted of illegal reentry under 8 U.S.C. § 1326, the Government must establish that the defendant 'left the United States under order of exclusion, deportation, or removal, and then illegally reentered.'" *Unites States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (quoting *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1079 (9th Cir. 2011)). "A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004).

To succeed in such a challenge, a defendant must demonstrate that: (1) he "exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly denied [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). "To satisfy the third prong - that the order was fundamentally unfair - the defendant bears the burden of establishing both that the 'deportation proceeding violate[d] [his] due process rights' and that the violation caused prejudice." *Raya-Vaca*, 771 F.3d at 1201-02 (internal citation omitted).

## III. DISCUSSION

The current § 1326 charge is based on the May 2003 removal order. The government concedes that Defendant's due process rights were violated during the underlying removal proceedings because he was never provided with a Mixteco Bajo interpreter. Thus, the Court must determine only whether Defendant has shown prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

A defendant has a right to counsel in expedited removal proceedings.  8 U.S.C. § 1228(b)(4)(B) ("[T]he alien shall have the privilege of being represented (at no expense to the government) by such counsel, authorized to practice in such proceedings, as the alien shall choose"); 8 C.F.R. § 238.1(b)(2)(i) ("The Notice of Intent shall…advise that the alien: has the privilege of being represented, at no expense to the government, by counsel of the alien's choosing ….").  When a defendant has not been properly advised of his right to counsel and did not waive this right, he must still show that he was actually prejudiced as a result of the due process violation.  *See United States v. Reyes-Bonilla*, 671 F.3d 1036, 1049 (9th Cir. 2012).[1]  There is no dispute that Defendant was not advised of his right to counsel in a language he could understand during the underlying removal proceedings.  (Dkt. 35-10.)  The Court therefore considers whether Defendant has shown actual prejudice as a result of this due process violation.

To establish prejudice, "a defendant does not have to show that he actually would have been granted relief." *Ubaldo-Figueroa*, 364 F.3d at 1050.  "Instead, he must only show that he had a 'plausible' ground for relief from deportation." *Id.* (quoting *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000)).  "A plausible claim to relief, however, requires some evidentiary basis on which relief could have been granted, not merely a showing that some form of immigration relief was theoretically possible." *Reyes-Bonilla*, 671 F.3d at 1049-50.  "Once [the defendant] makes a prima facie showing of prejudice, the burden shifts to the government to demonstrate that the procedural violation could not have changed the proceedings' outcome." *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003) (internal citation omitted).

Defendant contends he had at least two plausible paths to relief from removal: (1) his 2003 conviction could have been vacated, thereby invalidating the stated basis for

---

[1] Defendant contends *Reyes-Bonilla* is inapplicable because the due process violation here is premised on the lack of evidence of a "competent" translation of an alien's rights during removal proceedings.  Defendant argues that where the evidence demonstrates that no translation was provided, there is a presumption of prejudice eliminating the need for a showing of actual prejudice.  The Court disagrees.  In *Reyes-Bonilla*, the Ninth Circuit found that "Reyes was only served with the Notice of Intent in Spanish, and the Government failed to adduce evidence suggesting that the notice was in fact *explained* in Spanish." *Reyes-Bonilla*, 671 F.3d at 1044 (emphasis in original).  The due process violation in *Reyes-Bonilla* is analogous to Defendant's situation in that the Notice of Intent was never explained to Defendant in the language he understood.

removability; (2) he plausibly could have been allowed to withdraw his application for admission to the United States.

### A. Post-Conviction Relief

As an initial matter, the parties dispute whether post-conviction relief can support a collateral attack on an underlying removal order. The Court finds that it can. "[A] conviction vacated because of a 'procedural or substantive defect' is not considered a 'conviction' for immigration purposes and cannot serve as the basis for removeability." *Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102, 1107 (9th Cir. 2006) (internal citation omitted); *see also Wiedersperg v. I.N.S.*, 896 F.2d 1179, 1182 (9th Cir. 1990) ("Where Congress has made deportability depend upon a state's action in convicting an alien of a state-defined crime, it offends no sense of symmetry to hold that a state's action vacating and totally nullifying that conviction should render the deportation not legally executed.").

Defendant claims that had he been properly advised of his right to counsel and of the basis of his removal in a language he understood, he would have sought a continuance of his removal proceedings to obtain post-conviction relief from his aggravated felony conviction. *See* 8 C.F.R. § 238.1(c)(1) (stating an alien will have 10 calendar days from service of the Notice of Intent to "request in writing an extension of time for response, stating the specific reasons why such an extension is necessary"). Defendant cites several cases in which an immigration judge granted continuances in order for an individual to seek post-conviction relief. *See, e.g.*, *In Re: Felix Villar A.K.A. Luiz Perez*, A096 847 043-NY, 2015 WL 3896314 at *1 (BIA May 21, 2015) (noting that "[t]he Immigration Judge granted the respondent numerous continuances over the course of approximately 2 years to allow the respondent to pursue post-conviction relief"); *In Re: Joel Eduardo Sanchez-Rodriguez*, A075 819 007- CHI, 2008 WL 5477669 at *1 (BIA Dec. 10, 2008) (noting that "respondent was granted several lengthy continuances, extending over approximately 21 months, for the purpose of allowing him to seek further post-conviction relief with respect to his conviction"); *In Re: Stephen Agustus Hines*, A044 498 172-ORI, 2008 WL 4420084 at *1 (BIA Sept. 17, 2008) (noting that "[t]he respondent requested numerous continuances over a two-year period, and the Immigration Judge granted those continuances to enable him to pursue his post-conviction relief").

The government acknowledges that Defendant had the right to request a continuance, but argues that because his removal proceedings were expedited proceedings under § 238, Defendant failed to demonstrate it was plausible that a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

continuance would have been granted. *See* 8 U.S.C. § 1228(a)(1). The Court is not persuaded. The Ninth Circuit rejected a similar argument in *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 760 (9th Cir. 2015). There, the defendant claimed she was prejudiced by the due process violation because it was plausible she would have applied for and obtained a U-visa. *Id.* The government conceded defendant was "facially eligible for a U-visa," but argued she could not have been prejudiced because once she was placed "in administrative proceedings rather than proceedings before an Immigration Judge, her right to apply for a U-visa was extinguished." *Id.* The Ninth Circuit disagreed, noting:

> The fatal weakness of the government's argument is that an ICE agent can take an undocumented alien already put in administrative removal proceedings out of those proceedings and put her into removal proceedings before an Immigration Judge.

Defendant declares that had he been provided a Mixteco Bajo interpreter during his removal proceedings and advised of his right to counsel, he would have sought the assistance of an attorney. (Flores-Cervantes Decl. at ¶ 12.) The Court concludes that a competent attorney would have discovered Defendant had signed a plea agreement and entered his no contest plea without the assistance of a Mixteco Bajo interpreter, and would have requested a continuance pursuant to 8 C.F.R. § 238.1(c)(1) to enable him to pursue post-conviction relief. As Defendant points out, at the time of the removal proceedings, he had several avenues to challenge his guilty plea, including: (1) applying to withdraw his guilty plea pursuant to Cal. Penal Code § 1018, (2) moving to vacate the judgment pursuant to Cal. Penal Code § 1016.5; or (3) filing a petition for writ of habeas corpus. Defendant also cites several cases in which an immigration judge granted continuances in order for the individual to seek post-conviction relief. The case cited by the government further supports that contention. *See Garcia v. Lynch*, 798 F.3d 876, 878 (9th Cir. 2015) (noting immigration judge granted a continuance in order to allow defendant time to "demonstrate his 2010 conviction had been expunged, or to attempt to expunge it.").

The Court also finds it plausible that Defendant would have succeeded in vacating his 2003 conviction because he entered his plea without the assistance of a Mixteco Bajo interpreter. "When a defendant does not understand the English language, it is obvious that he cannot make a knowing waiver of his constitutional rights without translation into a language he does understand." *People v. Annett*, 251 Cal. App. 2d 858, 862 (1967). In

**MEMORANDUM**

such situations, reversal of a conviction is required. *Id.* at 862-63 ("Failure of a trial court to appoint an interpreter for a defendant who has requested one, or whose conduct has made it obvious to the court that he is unable because of linguistic difficulties knowingly to participate in waiving his rights, is 'fundamentally unfair' and requires reversal of a conviction.") (internal citations omitted).

The government argues that even assuming Defendant's conviction was vacated, it is equally plausible the state would have proceeded against him with different charges, or even the same charge, and he still would have been subject to removal. That is true. But once a defendant shows that he is not removable as charged, the Court's inquiry ends. *See, e.g., Chowdhury v. I.N.S.*, 249 F.3d 970, 975 (9th Cir. 2001) (rejecting the government's argument that the court could uphold the removal order based on an aggravated felony that was not alleged in the Notice to Appear); *see also Cardoso-Tlaseca*, 460 F.3d at 1107 ("The possession conviction cannot sustain the removal order because it was not alleged in the NTA"). Here, Defendant was charged in the Notice of Intent as being deportable based on his conviction of violation of Penal Code § 288(a) on February 3, 2003. (Dkt. 35-10.) Because the Court finds it plausible that the state court would have vacated his 2003 conviction, he has satisfied his burden under § 1326(d).

### B. Withdrawal of Application For Admission

Defendant argues that but for the due process violation, he plausibly could have withdrawn his application for admission. 8 U.S.C. § 1225(a)(4) ("An alien applying for admission may, in the discretion of the Attorney General and at any time, be permitted to withdraw the application for admission and depart immediately from the United States."). The government argues that Defendant was ineligible for such relief because he was a convicted aggravated felon. The Court agrees with the government.

At the time of the removal proceedings, Defendant was found deportable as "an alien convicted of an aggravated felony pursuant to section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii)." (Dkt. 35-10.) *See also* 8 U.S.C. § 1228(b)(1)( "The Attorney General may, in the case of an alien…determine the deportability of such alien under section 1227(a)(2)(A)(iii) of this title [relating to conviction of an aggravated felony] and issue an order of removal…."). Thus, pursuant to 8 U.S.C. § 1228(b)(5), Defendant, a convicted aggravated felon at the time of his removal proceedings, was statutorily ineligible for discretionary relief. 8 U.S.C. § 1228(b)(5) ("No alien described in this section shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion."); *see also Reyes-Bonilla*, 671 F.3d at 1050

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

("Reyes could not receive any discretionary relief from removal because he had been placed in expedited proceedings based on his felony convictions."); *United States v. Calderon-Segura*, 512 F.3d 1104, 1108 (9th Cir. 2008) ("[A]s a non-LPR [legal permanent resident] aggravated felon subject to expedited removal, Calderon-Segura was statutorily ineligible for any discretionary relief.").

### IV. CONCLUSION

Defendant's due process rights were violated in his removal proceedings because he was not provided with a Mixteco Bajo interpreter. Defendant was actually prejudiced by this due process violation because it is plausible that, but for the due process violation, Defendant would have sought the assistance of counsel and obtained a continuance of the removal proceedings to seek post-conviction relief.

The indictment is dismissed.

IT IS SO ORDERED.